# Richmond

### CITY OF COLONIAL HEIGHTS, ET AL. v. ALAN R. LOPER.

March 4, 1968.

Record No. 6756.

Present, All the Justices.

*Ralph H. Ferrell, Jr.; Hugh V. White, Jr.* (*Conrad M. Shumadine; Hunton, Williams, Gay, Powell & Gibson,* on brief), for appellants.

*Charles W. Gunn, Jr.,* for appellee.

SNEAD, J., delivered the opinion of the court.

This appeal involves a contest over a seat on the school board of the city of Colonial Heights. Alan R. Loper filed a bill in chancery for a declaratory judgment and other relief against the city of Colonial Heights, its city council, the individual members of council and Malcolm P. Alley. Loper sought, among other things, to recover a seat on the school board occupied by him that had been declared vacant by the city council and subsequently filled by appointing

Alley. The trial court granted Loper substantially the relief that he sought, and the city, its city council, certain members of the council and Alley have appealed.[1]

The record, which consists of the pleadings, orders, decrees and exhibits, discloses that on June 28, 1966, pursuant to § 20.2[2] of the city charter, the city council elected Loper, Naurice W. Kidd and John Russell trustees of the city school board for a term of three years beginning on July 1, 1966. Loper had served two prior terms on the board and was re-elected at this time by a four to three vote.

Kidd and Russell took their oaths of office on July 11, which was within thirty days after their terms of office began as provided by § 20.15[3] of the city charter. Loper, who had not taken the oath of office for his new term, attended the organization meeting of the school board held on the same day and was elected to serve as chairman of the board.

On September 1, 1966, three newly elected city councilmen commenced their terms of office. On September 21, Loper took his oath

[1] Two members of the city council who were initially made defendants below, did not wish to be represented by counsel, filed no pleadings and made no appearance. They are not parties to this appeal.

[2] Section 20.2 provides in part:

"The school board shall consist of five trustees who shall be qualified voters of the city. The trustees in office at the effective date of this charter are hereby continued in office for the term for which they were elected.

"On the third Tuesday in June 1960, and every three years thereafter the council shall elect two trustees for a term of three years from the first day of July following their election and on the third Tuesday in June 1961 and every three years thereafter the council shall elect two trustees for a term of three years from the first day of July following their election. On the third Tuesday in July [sic] 1962 and every three years thereafter, the council shall elect one trustee for a term of 3 years from the first day of July following his election. Within 30 days after the effective date of this charter, the present city council shall elect one trustee to serve until June 30, 1961, or until his successor shall take office. Except as provided in this charter the school board shall have all the powers and duties relating to the management and control of the public schools of the city provided by the general laws of the Commonwealth, including right of eminent domain within and without the city. None of the provisions of this charter shall be interpreted to refer to or include the school board unless the intention so to do is expressly stated or is clearly apparent from the context."

[3] "§ 20.15. *Oath of office and qualification.*

"Except as otherwise provided by general law or by this charter, all officers elected or appointed under the provisions of this charter shall take oath of office and execute such bond as may be required by general law, by this charter, or by ordinance or resolution of the council, and file the same with the City Clerk, before entering upon the discharge of their duties, and if the requirements of this section have not been complied with by an officer within thirty days after the term of office shall have begun or after his appointment to fill a vacancy, then such office shall be considered vacant."

of office. The next day, John S. Hanson, a member of the House of Delegates representing the county of Chesterfield and the city of Colonial Heights and H. P. Armstrong, city attorney of Colonial Heights, conferred with Kenneth C. Patty, First Assistant Attorney General of the Commonwealth of Virginia, concerning the status of the office occupied by Loper. By a letter opinion Assistant Attorney General Patty advised the above gentlemen, among other things, that since Loper had failed to take the oath of office within thirty days after July 1, 1966, as prescribed in § 20.15 of the city charter, a vacancy occurred in that office. He further advised that the taking of the oath of office after the thirty-day period expired "is of no effect and does not in any way fill the vacancy", and that "it would be proper for the City Council to appoint some person to fill this vacancy" under the provisions of Code, § 22-89.

After receipt of this opinion, the city council held a special meeting on September 23. At that meeting a resolution was adopted appointing Malcolm P. Alley a "trustee of the School Board of the City of Colonial Heights for a term expiring three years from July 1, 1966 to fill a vacancy on said board created by the failure of Alan R. Loper to take the oath of office within the time prescribed by law."

Three days after his appointment, Alley took the oath of office as prescribed by § 20.15 of the charter and performed his duties as a trustee until he was enjoined from acting by the court's final decree entered on June 19, 1967. Thereafter Loper resumed the duties of the office.

In his bill for a declaratory judgment filed on February 24, 1967, Loper alleged, *inter alia*, that he was a duly qualified member and trustee of the school board; that no certification of his appointment on June 28, 1966, was transmitted either to him or to the clerk of the Circuit Court of Colonial Heights prior to September 21, 1966; that on that date the city clerk certified the adoption of the resolution appointing him and he promptly qualified by taking the oath of office prescribed by law; that on September 23, the city council acted "wrongfully and illegally" by declaring his office vacant and by appointing Alley to fill the alleged vacancy, and that § 20.15 of the city charter under which the office was declared vacant "is manifestly inapplicable to the School Board" by virtue of § 20.2 of the charter. In substance Loper prayed that he be adjudged a duly qualified member and trustee of the school board for the term commencing July 1, 1966; that the action taken by the city council declaring a vacancy

and appointing Alley be declared illegal and void, and that he be restored to "all rights, privileges and emoluments of his rightful office".

By order entered March 16, 1967, time for filing responsive pleadings and motions was extended until March 24. On that day the appellants filed demurrers and motions to dismiss. On May 22 the demurrers and motions were overruled, and time was extended for the filing of answers.

On June 12, appellants filed their answers denying some and admitting other allegations contained in the bill. They specifically denied that Loper was a duly qualified member of the school board, and alleged, among other things, that Loper had failed to take the oath of office for the term beginning July 1, 1966, within thirty days thereafter as required by § 20.15 of the city charter; that he had actual notice of his appointment prior to the time his term commenced; that when he subscribed to the oath of office on September 21, 1966, it had "no effect"; that Loper's office had become vacant by virtue of § 20.15, and that the appointment of Alley by the city council on September 23 to fill the vacancy was "proper and lawful".

On June 19, after overruling appellants' motions to strike a portion of Loper's bill and for a jury trial, the trial court sustained Loper's motion to strike out the answers filed on the ground that they were insufficient in law to constitute a defense to the bill. The order stated that the answers were not amendable and "no leave is granted these defendants to withdraw or amend their answers."

In a written opinion, the trial court stated that the sole question involved was whether there was in law or fact a vacancy on the school board on September 23, 1966, when the city council appointed Alley. The court was of opinion that § 20.15 of the city charter which relates to the taking of the oath of office within thirty days after the term of office had begun was not applicable, because it "does not meet the requirement" of § 20.2, which reads in part: "None of the provisions of this charter shall be interpreted to refer to or include the School Board unless the intention so to do is expressly stated or is clearly apparent from the context." The court observed that § 20.15 does not expressly state that it is applicable to the school board, and that such a conclusion is not clearly apparent from the context.

The court concluded that the provisions of the charter were "not effective to create a vacancy during the period from July 1, 1966 until September 21, 1966"; that Loper became a *de jure* member and

trustee of the school board when he subscribed to the oath of office on September 21; that no vacancy existed on September 23, and that the appointment of Alley was nugatory.

By its final decree entered on June 19, 1967, the court held that Loper is a duly qualified member and trustee of the school board for the term commencing July 1, 1966 and expiring June 30, 1969, and that the action of the city council appointing Alley on September 23, 1966, to fill an alleged vacancy was illegal and void. The decree also enjoined Alley from performing any act as a member of the school board by reason of his appointment.

The appellants make three detailed assignments of error. However, the crucial and controlling issue presented by this appeal is whether Loper's seat on the school board became vacant when he failed to take the oath of office within thirty days after his term of office began on July 1, 1966.

Section 20.2 of the city charter provides in part that the school board shall consist of five trustees who shall be qualified voters of the city and describes the manner of their election by the city council. It further states: "Except as provided in this charter the school board shall have all the powers and duties relating to the management and control of the public schools of the city provided by the general laws of the Commonwealth, including right of eminent domain within and without the city. *None of the provisions of this charter shall be interpreted to refer to or include the school board unless the intention so to do is expressly stated or is clearly apparent from the context.*" (Italics supplied.)

Section 20.15 of the city charter states that, except as otherwise provided by general law or the charter, all officers appointed or elected under the charter provisions "shall take the oath of office * * * as may be required by general law * * * before entering upon the discharge of their duties". It further provides that if an officer fails to do so within thirty days after the term of office commenced or after his appointment to fill a vacancy, "then such office shall be considered vacant."

The bill, as well as the answers thereto, show that Loper took his oath of office more than thirty days after the date of his election. Thus, we need only to determine whether the provisions of § 20.15 of the city charter are applicable to a school trustee.

Loper contends that he is excluded from the requirements of § 20.15 by virtue of the italicized language contained in § 20.2 above. He argues that the intention to include school board trustees in §

20.15 is neither expressly stated nor clearly apparent from the context. Loper further contends that the qualification of school board trustees is controlled by the general statutes of the Commonwealth. He cites Code, § 22-91, which relates to school trustees. That section reads:

"Before entering upon the discharge of the duties of his office he shall take and subscribe the oaths prescribed for officers of the State before the corporation or the circuit court; or, in vacation, before the judge or clerk of the court, and the clerk of the court shall make in his record book a minute of the qualification of the trustee."

Loper points out that there is nothing in this statute to the effect that the office is vacated or forfeited for failure to take the oath of office. Thus, he says, no vacancy existed at the time Alley was appointed.

There is a clear distinction between a school board as an entity and a school trustee as an individual. The prerequisites and powers of a public body are not the same as those of an individual member of that body. The terms of § 20.2 relied upon by Loper to exempt him from the necessity of taking the oath of office within the time prescribed by § 20.15 read: "None of the provisions of this charter shall be interpreted to refer to or include the *school board* unless the intention so to do is expressly stated or is clearly apparent from the context." (Italics supplied.) This provision is not applicable to a school trustee. It applies only to the school board.

A school trustee is an officer and under § 20.15 of the charter an officer appointed or elected under its provisions is required to take the oath of office before entering upon the discharge of his duties. If he fails to take the required oath within thirty days after his term of office commences or after his appointment to fill a vacancy then a vacancy in the office occurs.

Loper's contention that no vacancy existed in the office at the time Alley was appointed because Code § 22-91, *supra*, contains no forfeiture provision is without substance. Code, § 22-91, which was enacted long before the present charter of Colonial Heights was granted by the General Assembly in 1960, is not in conflict with § 20.15 of the city charter. The statute is silent on the question of forfeiture, and hence it is not "otherwise provided" that no vacancy shall exist for failure to take the oath of office within a prescribed time.

In *Ransone* v. *Craft*, 161 Va. 332, 340, 170 S.E. 610, 613, we said:

"* * * It has been repeatedly held by this court that charters of municipal corporations, or amendments thereto, conferring rights and

powers different from, and in addition to, those conferred by general statutes are authorized by the Constitution when enacted in accordance with article 4 (sections 40-68) and section 117 of the Constitution. * * *

"In the absence of evidence to the contrary, there is a *prima facie* presumption that the charter or amendment thereof was enacted in the manner required by the Constitution, and that the rights and powers conferred are within the legislative power to grant." See also *Fallon Florist* v. *City of Roanoke*, 190 Va. 564, 574, 575, 58 S.E.2d 316, 321.

Here, there has been no suggestion that the charter of the city of Colonial Heights was not enacted in the manner required by Article 4 and Section 117 of the Constitution.

We hold that since Loper failed to take the oath of office as school trustee within thirty days after his term of office began on July 1, 1966, as required by § 20.15 of the city charter, the office became vacant upon expiration of the thirty-day period; and thereupon the city council became empowered to fill the vacancy. Because the bill of complaint shows on its face that Loper failed to take the oath of office within the thirty-day period, we reverse the decree, dissolve the injunction and dismiss the bill in chancery.

*Reversed and dismissed.*